

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Burnell Waldrop
County Attorney
Red River County
Clarksville, Texas

Dear Sir:                    Attention: Mr. B. C. Jones

Opinion Number O-5308
Re: Consolidation of common
school district in one
county with contiguous
independent school dis-
trict in different county
where county line is common
boundary line.

        We have before us for consideration your letter of
May 18, 1943, in which you ask the opinion of this depart-
ment upon a question propounded to you by Mr. John T. Felts,
County Superintendent of Red River County. Such question is
quoted as follows:

        "Can a common school district and an inde-
    pendent school district consolidate if one of
    them is wholly within one county and the other
    is wholly within another, having a common boun-
    dary line (The county line)? I am asking if
    this can be done under Art. 2806."

        We deem it unnecessary to quote the provisions of
Article 2806. As you know, under specified conditions, that
article authorizes the consolidation of certain school dis-
tricts. Provision is made for the presentation of a petition
to the county judge, an election order by the county judge,

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

publication or posting of election notices, and canvassing of the returns by the commissioners' court.

In 1927 the Fortieth Legislature at its First Called Session passed House Bill No. 99 (Acts 1927, 40th Leg., 1st C. S., ch. 84, H. B. 99, p. 228; See Vernon's Annotated Civil Statutes). Section 5b of House Bill No. 99 (Vernon's Annotated Civil Statutes, Article 2742b) provides, in part, as follows:

"Sec. 5b. In the manner prescribed by general law, Article 2806, Revised Statutes, 1925, providing for the consolidation of school districts by election, Common School and Common County-line Districts may be consolidated, and Common School and Common County-line School Districts may be consolidated with a contiguous Independent District in the same or in an adjoining County; provided that when the proposition is to consolidate districts having territory in two or more adjoining Counties, the petitions and election orders prescribed in Article 2806, Revised Statutes, 1925, shall be addressed to and issued by the County Judge of each County for and in behalf of each district wholly in his County or over which his County has jurisdiction for administrative purposes, and the County Commissioners' Court of each County shall canvass the returns of the election in each district lying wholly within the County or under its jurisdiction for administrative purposes, and declare the results, as in the case of the consolidation of districts lying wholly within one County; and when the results are so declared the consolidation of the districts shall thereby become effective."

You will notice that the consolidation of a common school district with a contiguous independent school district "in the same or in an adjoining County" is specifically authorized.

In the recent case of Donaldson et al. v. State ex rel. Janes et al. (W.E. Ref.), 161 S. W. (2d) 324, the identical question which you ask was considered and answered by the Court. In that case the consolidation of a common school district situated wholly within Delta County with a contiguous independent school district situated wholly within Lamar County was in issue. We quote the following from the opinion of the court:

*Lamar*

" * * * Vernon's Ann. Civ. St. Article 2742b, Sec. 5b, among other things, provides that a common school district may be consolidated with a contiguous independent school district in the same or an adjoining county, 'in the manner prescribed by general law, Article 2806, Revised Statutes, 1925, providing for the consolidation of school districts by election.' The method pursued in the consolidation here under investigation was in compliance with R. S. Article 2806, Vernon's Ann. Civ. St., Art. 2806, as authorized by the provisions of Vernon's Ann. Civ. St., Article 2742b, Sec. 5b. It is undisputed that Lake Creek Common School District lies wholly within Delta County and Howland Independent School District lies wholly within Lamar County, and that they are contiguous. A parallel case to this in point of fact is Pleasant Valley C. S. D. v. Story, Tex. Civ. App., 142 S. W. (2d) 258, 260, writ refused. In that case it appears that Pleasant Valley Common School District No. 7 lies wholly within Martin County and Klondyke Independent School District lies wholly within Dawson County and they are contiguous. Chief Justice Price, speaking for the court, said:

" 'The elections called by the respective County Judges of Martin and Dawson Counties were to determine whether or not the miscalled Pleasant Valley Independent School District be consolidated with the Klondyke District. This was the question voted upon in each district. This was the result declared by the respective Commissioners' Courts.

" 'Section 5b of Art. 2742b authorizes the consolidation of a common school district in one county

with a contiguous independent district in another. The procedure prescribed by law seems to have been complied with in all material respects. Pleasant Valley was, before the election, a common school district contiguous to the Klondyke Independent District in Dawson County. * * *

"'The purpose of the election was to constitute the two areas involved an independent school district with the powers incidental to such a quasi municipal corporation. The real question was whether the two areas be constituted into one. We are of the opinion that this in reality was the question submitted at each election. This question was decided by the respective voters of each district. The act of the instrumentalities charged with the duty of determining as to the area and establishment of school districts should receive a fair, liberal and practical construction. County School Trustees of Runnels County v. State, Tex. Civ. App., 95 S. W. (2d) 1001.'

"It is clear from the above holding that Vernon's Ann. Civ. St. Article 2742b, Sec. 5b, and R. S. Article 2806, Vernon's Ann. Civ. St. Art. 2806, when construed together furnish ample authority for the consolidation of school districts such as here under consideration."

You are, therefore, advised that under the terms of Article 2806 and Section 5b of Article 2742b, Vernon's Annotated Civil Statutes, a common school district lying wholly within one county may be consolidated with a contiguous independent school district situated wholly within an adjoining county, provided, of course, the terms and conditions of such statutes are met.

Mr. Felts in his letter to you points out that several opinions of the Attorney General's department have held that

such consolidations could not be effected. Your attention is directed to the fact that those opinions which held that contiguous school districts lying wholly within different counties could not be consolidated were rendered prior to 1927, the time when House Bill No. 99 (Article 2742b, Vernon's Annotated Civil Statutes) was enacted. Such opinions are, therefore, not applicable to the question herein answered.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By George W. Sparks
Assistant

GWS-s

APPROVED MAY 28, 1943

ATTORNEY GENERAL OF TEXAS

C.R.
C.C.R.

